UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

WILLIAM R. PERKINS            Case No. 09-32328-dof
and DAWN M. PERKINS,            Chapter 12 Proceeding
                                                        Hon. Daniel S. Opperman
                  Debtors.
_____/

## Opinion Regarding Debtors' Objection to Claim of American Soy Products, Inc.

The Debtor filed an objection to the claim of American Soy Products, Inc. ("American Soy"). One of the bases of the Debtors' objection to the claim of American Soy is that the judgment entered by the Genesee County Circuit Court on July 14, 2008, contained a fundamental error in the calculation of damages. American Soy responded to the Debtor's objection to its claim and the Court heard oral argument regarding the Debtors' objection on December 22, 2009.

The Debtor claims that the fundamental error in the judgment is that the stated damages of $44,800.00 that was awarded in the alternative was not based upon any fact or Michigan law. In support of the objection, the Debtor, William Perkins, notes that the agreement between him and American Soy required the Debtor to deliver 1,600 bushels of organic soy beans to American Soy at a purchase price of $16.25 per bushel, with an additional $.40 per bushel allowance for freight. The Debtor conceded that he did not supply the soy beans per the contract and that the cost to cover of American Soy was $30.00 per bushel. Additionally, the Debtor did not pay $2,790.00 for the seed cost owed to American Soy. Finally, the Debtor alleges that he paid approximately $11,000.00 to American Soy after judgment was entered against him.

1

## Statement of Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 333. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B) involving a matter concerning the administration of the estate, as well as allowance or disallowance of a claim against the estate.

## Analysis

The Court initially notes that the judgment entered in favor of American Soy and against the Debtor by the Genesee County Circuit Court was a default judgment in which the Debtor did not participate. For the reasons stated in *In re Kalita*, 202 B.R. 889 (Bankr. W.D. Mich. 1996), the Court concludes that the default judgment should not be given preclusive effect. Additionally, the Court notes that the *Rooker-Feldman Doctrine* is inapplicable in the instant case because it appears that there was a default judgment that was procured through mistake. *Sun Valley Foods Co. v. Detroit Marine Terminals, Inc. (In re Sun Valley Foods Co.)*, 801 F.2d 186, 189 (6th Cir. 1986).

In this case, the mathematical calculations demonstrate the error present in the Genesee County Circuit Court default judgment. From the record before the Court, Debtor was to deliver 1,600 bushels of organic soy beans. Debtor did not do so, and the cost of cover for that breach of contract was $30.00 per bushel. The total cost to cover, therefore, was $48,000.00. Since American Soy was contractually obligated to pay the Debtor for 1,600 bushels at a total of $16.65 per bushel, the amount of $26,640.00 was due to the Debtor and would be a component that reduces the total damages owed by the Debtor to American Soy. After deducting this amount from the cost of cover, the total damages in regard to the breach of contract, therefore, total $21,360.00. In addition, the Debtor has failed to pay $2,790.00 to American Soy for the seed obtained from American Soy, and

2

that amount must be added to the $21,360.00 to arrive at total damages of $24,150.00. Additional costs as allowed in the Genesee County Circuit Court judgment are appropriate and should likewise be added to the claim of American Soy. American Soy should calculate interest on the amount owed up to the date of the filing of the petition in this case and deduct any payments received from the Debtor or on behalf of the Debtor.

Since American Soy must account for monies paid to it by the Debtor, the Court concludes that American Soy should be allowed the opportunity to amend its claim to reflect the receipt of those monies, as well as the amounts owed pursuant to this Opinion. Accordingly, the Court allows American Soy twenty-one (21) days from the date of this Opinion and corresponding Order to amend its proof of claim.

## Conclusion

The Court concludes that the Debtors' objection to the claim of American Soy Products, Inc. is sustained, in part, and that American Soy Products, Inc. should be allowed the opportunity to amend its proof of claim to incorporate the determination of the Court in this Opinion.

**Signed on March 22, 2010**

                                        **/s/ Daniel S. Opperman**
                                  **Daniel S. Opperman**
                                  **United States Bankruptcy Judge**